FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 29 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TIMMY LEE WALKER,

               Petitioner,

       *-against-*

DALE A. ARTUS, Superintendent, Attica State
Prison,

               Respondent.
-------------------------------------------------------X

**DECISION AND ORDER**
15-CV-2738 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by *pro se* Petitioner Timmy Lee Walker ("Petitioner"). Petitioner seeks federal habeas relief based on two claims: (1) Petitioner's sentences for the felony-murder of Tony Brunson, kidnapping of Reles Jones, kidnapping of James Hubbard, and related criminal possession of weapons charges run consecutively to his sentence for the robbery of James Hubbard in violation of the Fifth Amendment; and (2) Petitioner was denied the right to appear or to be represented by counsel at his resentencing in violation of the Sixth Amendment. Dkt. 1 ("Petition") at 6, 8, 9-10. For the reasons discussed below, Petitioner's claims are meritless. Accordingly, the petition for the writ of *habeas corpus* is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

**Arrest and Conviction**

On September 4, 2004 at 9:30 P.M., Reles Jones went to a basement apartment in Queens, New York, to meet a prostitute. Dkt. 7 ("Opp. to Petition") at ¶ 4, p. 2, 15. When Jones arrived at the apartment, he was let in by Petitioner, who robbed him at gunpoint. *Id.* at ¶ 4, p. 2, 16. Petitioner then held Jones in the apartment at gunpoint for between six and seven hours, and threatened him that the prostitute would be the only witness to what happened when Petitioner ran out of drugs. *Id.* at ¶ 4, p. 2, 16-17, 20.

On September 5, 2004 at approximately 2:30 A.M., James Hubbard went to the same apartment. *Id.* at ¶ 4, p. 2, 17. Like Jones, Hubbard was let into the apartment and robbed at

gunpoint by Petitioner. *Id.* Jones was still being held in the apartment when Hubbard arrived. *Id.* at ¶ 4, p. 2. Petitioner threatened Hubbard, Hubbard pleaded for his life, and Petitioner let him go after he had been in the apartment between five and ten minutes. *Id.* at ¶ 4, p. 2, 18. Jones was not released. *Id.* at p. 20.

A little later, Hubbard returned to the apartment with his stepson, Tony Brunson, and Brunson's friend, Gladmon McDowell. *Id.* at ¶ 4, p. 2, 18-19. Hubbard knocked on the apartment door and all three men were let in. *Id.* at ¶ 4, p. 2, 19. Brunson was armed with a gun; McDowell was armed with a stun gun. *Id.* at ¶ 4, p. 2, 18-19. Petitioner shot Brunson several times, killing him. *Id.* at ¶ 4, p. 2-3, 20, 23-24, 26-27. Hubbard and McDowell struggled with Petitioner, wrestled the gun away from Petitioner, subdued him, bound him with telephone cord, and then went to fetch the police. *Id.* at ¶ 4, p. 3, 20-22. At some point during the ruckus, Hubbard was shot in the leg and Jones, who was still being held in the apartment, was shot by McDowell's stun gun. *Id.* at ¶ 4, p. 3, 20, 22.

Petitioner was arrested and charged by Queens County Indictment Number 312/2005 with three counts of Murder in the Second Degree, one count of Attempted Murder in the Second Degree, two counts of Kidnapping in the Second Degree, one count of Robbery in the First Degree, one count of Criminal Possession of a Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree. *Id.* at ¶ 5, p. 3.

In October 2006, Petitioner was found guilty after a jury trial of one count of Murder in the Second Degree (a felony-murder count), two counts of Kidnapping in the Second Degree, one count of Robbery in the First Degree, one count of Criminal Possession of a Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree. *Id.* at ¶ 6, p. 4. Petitioner did not present a case at trial. *Id.* at p. 28.

On February 8, 2007, Petitioner was sentenced to an indeterminate prison term of twenty-five years to life on the felony-murder conviction, an indeterminate prison term of three and one-half to seven years on one of the counts of third degree weapons possession, a determinate prison term of twenty-five years and five years post-release supervision on each kidnapping count and the robbery count, a determinate prison term of fifteen years on the second degree weapons possession count, and a determinate prison term on the other third degree weapons possession count. *Id.; see also* Dkt. 7-1 ("R.") at 3-38.[1] The sentences for the kidnapping and robbery of Hubbard were ordered to run concurrently with each other and consecutively to the sentences for the felony-murder count and all other counts. Opp. to Petition at ¶ 6, p. 3-5; R. at 36-38.

**Direct Appeal**

Petitioner, represented by counsel, filed a direct appeal to the Appellate Division, Second Department ("Second Department") raising three claims of error: (1) prosecutor committed prosecutorial misconduct during summation; (2) trial court erred in declining to give a justification charge as to the felony-murder count; and (3) the kidnapping of Hubbard count should have been dismissed as it merged with the robbery of Hubbard count. Opp. to Petition at ¶ 7, p. 5; R. at 39-100; 131-91.

On September 28, 2010, the Second Department affirmed Petitioner's conviction, holding a justification charge is not available for a felony-murder charge and finding Petitioner's other contentions to be meritless. *New York v. Walker*, 908 N.Y.S.2d 419, 423-25 (2d Dep't 2010).

Petitioner sought leave to appeal to the New York Court of Appeals. On December 21, 2010, the New York Court of Appeals denied Petitioner leave to appeal. *New York v. Walker*, 942 N.E.2d 327, 327 (N.Y. 2010).

---

[1] All citations to Dkt. 7-1 ("R.") refer to the PDF page numbers for consistency.

**Post-Conviction Motion**

On May 6, 2011, Petitioner moved to vacate his judgment of conviction and sentence on the ground that the trial court erred in ordering the sentence for the felony-murder count and the other counts to run consecutively to the sentence for the robbery of Hubbard and the kidnapping of Hubbard. Opp. to Petition at ¶ 8, p. 5-6; *see also* R. at 101-07 (State's affirmation in response).

On October 3, 2011, the Honorable Gregory Lasak of Supreme Court, Queens County, granted Petitioner's motion in part, denied it in part, and amended Petitioner's sentence so the sentence for the kidnapping of Hubbard now runs concurrently to the sentences for the felony-murder count and all other counts. Opp. to Petition at ¶ 11, p. 6; R. at 2. Justice Lasak did not modify the sentence for the robbery of Hubbard; accordingly, the sentence for the robbery of Hubbard will still run consecutively to the sentences for the other counts. R. at 2. On October 6, 2011, Justice Lasak made this amendment on the record without Petitioner or his counsel present. *Id.* at 1-2. Petitioner's aggregate prison sentence remained the same. Opp. to Petition at ¶ 12.

On November 9, 2011, Petitioner, acting *pro se*, filed an application for leave to appeal the denial of his claim regarding the sentence for the robbery of Hubbard by Justice Lasak to the Second Department. Opp. to Petition at ¶ 13, p. 9; R. at 108-115 (State's affirmation in response). On March 23, 2012, that application was granted. Opp. to Petition at ¶ 13, p. 9.

Petitioner, through counsel, filed a brief arguing (1) his sentence should be modified so all of his prison terms run concurrently, including the prison term for the robbery of Hubbard, and (2) he was entitled to a new resentencing as he was not present or represented by counsel at the first resentencing. R. at 116-129.

On May 14, 2014, the Second Department affirmed the decision of Justice Lasak, finding the robbery of Hubbard was a "separate and distinct act[]" from the other crimes Petitioner was found guilty of committing and therefore the imposition of consecutive sentences was not illegal. *New York v. Walker*, 986 N.Y.S.2d 178, 179-80 (2d Dep't 2014) (internal quotation marks and citations omitted). The Second Department further found Petitioner's contention that he should have been present at resentencing and represented by a lawyer was not properly before the Court. *Id.* at 180.

On June 10, 2014, Petitioner sought leave to appeal to the New York Court of Appeals. Opp. to Petition at ¶ 19, p. 12. On September 2, 2014, the New York Court of Appeals denied Petitioner leave to appeal. *New York v. Walker*, 20 N.E.2d 1004, 1004 (N.Y. 2014).

### *Habeas Corpus* Petition

On May 11, 2015, Petitioner filed a petition for a writ of *habeas corpus* with this Court. Petition at 1. Petitioner alleges two bases for his petition for *habeas* relief: (1) his sentences on the felony murder, kidnapping of Reles Jones, kidnapping of James Hubbard, and related criminal possession of weapons charges run consecutively to his sentence on the robbery of James Hubbard in violation of the Fifth Amendment; and (2) Plaintiff was denied the right to appear or to be represented by counsel at his resentencing in violation of the Sixth Amendment. *Id.* at 6, 8, 9-10. Respondent Dale A. Artus ("Respondent"), the Superintendent of Attica State Prison and the authorized person who has custody of Petitioner, argues the writ should not issue to Petitioner because: (1) Petitioner's Fifth Amendment claim is procedurally barred and does not present a question of federal constitutional law; and (2) Petitioner's Sixth Amendment claim is barred from review by an adequate and independent state law ground and is not cognizable on federal *habeas* review. Opp. to Petition at 28-44.

The Court will address each of the issues raised by Petitioner in turn.

## DISCUSSION

### I.      Legal Standard

The Court's review of the Petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. A federal habeas court may only consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). For the reasons discussed below, the Court DENIES the Petition in its entirety.

### II.      Analysis

#### A. Petitioner's Fifth Amendment Claim

Petitioner argues he is entitled to *habeas* relief because his sentences as currently imposed violate the Fifth Amendment. Petition at 6. Petitioner is currently serving two consecutive prison terms: (1) an indeterminate prison term of twenty-five years to life for the felony murder, kidnapping of Reles Jones, kidnapping of James Hubbard, and related criminal possession of weapons charges, and (2) a consecutive determinate twenty-five year prison term for the robbery of James Hubbard. Petition at 6, 8; Opp. to Petition at 29-30. Petitioner argues the sentences should be modified to run concurrently as the sentences currently violate New York Penal Law § 70.25(2) and the Fifth Amendment of the United States Constitution. Petition

at 6; Opp. to Petition at 30. For the reasons discussed below, Petitioner's challenge on this ground is without merit both because it is procedurally barred and because it does not present a question of federal constitutional law.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (citing 28 U.S.C. § 2254(b)(1) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). "A claim is deemed exhausted if the [P]etitioner: (1) fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts; and (2) presented his claim to the highest state court that could hear it." *Wright v. Lee*, 13-CV-5492, 2015 WL 4391575, at *7 (S.D.N.Y. July 15, 2015) (Gardephe, J.) (adopting Report and Recommendation of Magistrate Judge Sarah Netburn) (internal quotation marks and citations omitted). "To fairly present his claims, a petitioner may not rely solely on general principles of fairness, but instead must refer to specific constitutional provisions or concepts." *Id.* (citations omitted).

The Second Circuit "applies the fair presentation standard liberally, allowing that a state court may be deemed to be on notice of the constitutional nature of a claim even if the petitioner did not specifically quote the [United States] Constitution." *Id.* at *8 (internal quotation marks omitted). "[W]ays that a petitioner may be found to have provided notice sufficiently include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* (internal

quotation marks and citation omitted). "This position protects petitioners who rely on constitutional principles without citing book and verse [of] the federal constitution, while ensuring that state courts have the opportunity to pass upon and correct alleged violations of federal rights." *Id.* (internal quotation marks and citations omitted).

Here, Petitioner has failed to exhaust his Fifth Amendment challenge to his consecutive sentence for the robbery of Hubbard. Petitioner did not raise the claim on his direct appeal. Petition at 7. Petition challenged his sentencing only through a post-conviction motion under New York Criminal Procedure Law § 440.20 ("440.20 motion"). *Id.* at 8. Petitioner's counsel's brief to the Second Department appealing the denial of Petitioner's 440.20 motion raises only state law challenges to the consecutive sentence for the robbery of Hubbard, relying heavily on *New York v. Dickens*, 702 N.Y.S.2d 925 (2d Dep't 2000). R. at 125-28. Nowhere did counsel cite federal cases, apply constitutional analysis, or rely on state cases that applied constitutional analysis. *See id.*; *see also Dickens*, 702 N.Y.S.2d at 925 (applying state law analysis only). This pattern of facts is also not within the mainstream of constitutional litigation, but rather is a pattern of facts rejected by New York State courts on state law grounds. *See, e.g., Wright*, 2015 WL 4391575 at *8 (collecting cases where patterns of facts were presented under state law only and found unexhausted for federal purposes); *Lopez v. Fischer*, 06-CV-4760, 2007 WL 1259146, at *4 (S.D.N.Y. Apr. 27, 2007) (Hellerstein, J.) (finding the proper construction of the New York consecutive sentence statute beyond the scope of a federal habeas inquiry).

Petitioner's claim, therefore, has never been fairly presented as a federal constitutional claim to a state court and as such is unexhausted. "Moreover, the claim is record-based and can no longer be raised on collateral review [as Petitioner's claim was rejected on its merits by the Second Department and the New York Court of Appeals denied Petitioner's motion for leave to

appeal]; as such, the claim may be deemed exhausted, but is procedurally barred." *Rodriguez v. Lee*, 10-CV-3451, 2011 WL 1362116, at *7 (S.D.N.Y. Feb. 22, 2011) (Francis, IV, Mag. J.) (Report and Recommendation), *adopted by* 10-CV-3541, 2011 WL 1344599, at *2 (S.D.N.Y. Apr. 8, 2011) (Berman, J.); *see also Walker*, 20 N.E.2d 1004 (denying Petitioner's application for leave to appeal); *Walker*, 986 N.Y.S.2d at 179-80 (affirming imposition of consecutive sentences on Petitioner for felony-murder and the robbery of Hubbard). "This procedural bar to *habeas* review can only be overcome if the petitioner can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Wright*, 2015 WL 4391575 at *9 (internal quotation marks and citations omitted).

Petitioner has alleged neither cause, nor prejudice, nor actual innocence in his *habeas* petition. Petitioner, who was represented by counsel on his collateral appeal, does not argue he should be excused for failure to make this claim or otherwise demonstrate cause for his procedural default. Further, Petitioner has not demonstrated prejudice will result if these claims are not reviewed by the federal court. Petitioner, in fact, cannot demonstrate prejudice will result as his claim does not raise a federal constitutional question cognizable on *habeas* review.

The Second Circuit has held "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *White v. Kelly*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citation omitted). Petitioner "has no substantive right to a particular sentence within the range authorized by statute." *Nelson v. New York*, 10-CV-9021, 2014 WL 4449774, at *18 (S.D.N.Y. Sept. 10, 2014) (Polk Failla, J.) (adopting Report and Recommendation by Magistrate Judge Henry B. Pitman). New York Penal Law § 70.25(2) allows for judicial discretion to impose consecutive sentences where the "acts or omissions committed by the defendant were separate and distinct acts." N.Y. Penal Law § 70.25(2). It was therefore within the sentencing

court's discretion to determine that the Petitioner's felony-murder offense and armed robbery of Hubbard earlier that evening involved separate and distinct acts. *See, e.g., New York v. Riley*, 765 N.Y.S. 2d 890, 892-93 (2d Dep't 2003) (finding robberies were separate and distinct acts from intentional murder and therefore the sentences may run consecutively, even though underlying felony and felony-murder must run concurrently). "Petitioner's sentence did not exceed what was permissible under New York's sentencing scheme and therefore Petitioner's claim fails to present a federal constitutional issue cognizable on *habeas* review." *Smith v. Lee*, 11-CV-530, 2014 WL 1343066, at *11 (E.D.N.Y. Mar. 31, 2014) (Brodie, J.) (emphasis added) (citation omitted).

Petitioner's petition for a writ of *habeas corpus* on the ground that his consecutive sentence for the robbery of Hubbard violates the Fifth Amendment is therefore DENIED. Petitioner's request for *habeas* relief on this basis is denied both as procedurally barred and on the merits as not cognizable on *habeas* review. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of [Petitioner] to exhaust the remedies available in the courts of the State.").

## B. Petitioner's Sixth Amendment Claim

Petitioner argues he is further entitled to *habeas* relief because he was denied the right to appear or to be represented by counsel at his resentencing in violation of the Sixth Amendment. Petition at 9-10. For the reasons discussed below, Petitioner's challenge on this ground is denied because it is barred from review by an Adequate and Independent State law ground. Opp. to Petition at 41-44.

Under the Adequate and Independent State Ground doctrine, "the Supreme Court will not review a question of federal law decided by a state court if the decision of that court rests on a

10

state law ground that is independent of the federal question and adequate to support the judgment." *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *7 n.3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (internal quotation marks omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "In the context of federal habeas review, if a state prisoner's federal challenge was not addressed in state court because the prisoner failed to meet a state procedural requirement, federal habeas review is barred." *Id.* (citing *Coleman*, 501 U.S. at 730). A state court need not directly cite a state procedural rule in its decision so long as it makes a "plain statement" that "clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (citation omitted). "A procedural rule is considered adequate if it is firmly established and regularly followed by the state in question." *Davis v. Walsh*, 08-CV-4659, 2015 WL 1809048, at *9 (E.D.N.Y. Apr. 21, 2015) (Chen, J.) (internal quotation marks and citation omitted). "To be independent, the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case[.]" *Id.* (internal quotation marks and citation omitted).

"Once it is determined that a claim is procedurally barred under state rules, a federal court still may review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate the failure to consider the claim will result in a miscarriage of justice." *Osbourne v. Health*, 12-CV-1138, 2015 WL 1548947, at *8 (E.D.N.Y. Apr. 8, 2015) (Bianco, J.) (citing *Coleman*, 501 U.S. at 750). "A miscarriage of justice is demonstrated [only] in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent." *Id.* (citation omitted). A federal court may also review a claim on its merits if the state law, while generally adequate, has been applied exorbitantly. *Lee v. Kemma*, 534 U.S. 362, 376 (2002).

Here, the Second Department declined to address Petitioner's claim that the new sentence was improperly imposed, finding the issue was "not properly before" the Second Department. *Walker*, 986 N.Y.S.2d at 180. This is a plain statement of a state law procedural bar. "New York courts regularly follow their firmly established rule regarding preservation, notwithstanding that they may sometimes invoke an interest of justice exception." *Heirs v. Bradt*, 11-CV-270, 2014 WL 6804252, at *4 (E.D.N.Y. Dec. 3, 2014) (Korman, J.) (internal quotation marks and citation omitted). Further, it is evident the Second Department relied on this basis alone to dispose of Petitioner's claim. The Adequate and Independent State Ground conditions are therefore met.

Accordingly, Petitioner's claim can only be reviewed if he can demonstrate cause and prejudice, or a miscarriage of justice, or exorbitant application. Petitioner has alleged neither cause, nor prejudice, nor a miscarriage of justice in his *habeas* petition. Petitioner, who was represented by counsel on his collateral appeal, does not argue that he should be excused for failure to make this claim or otherwise demonstrate cause for his procedural default. Further, Petitioner has not demonstrated prejudice will result if these claims are not reviewed by the federal court. In fact, Petitioner, cannot demonstrate prejudice will result as his claim does not raise a federal constitutional question cognizable on *habeas* review.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks and citations omitted). Petitioner argues he had a right to be present at re-sentencing under New York Criminal Procedure Law § 380.40, which requires "the defendant must be personally present at the time sentence is pronounced." *New York v. Sparber*, 889 N.E.2d 459, 464 (N.Y. 2008) (internal quotation marks and citation omitted); *see* Petition at 10. This, however, is not an error under federal law but rather an issue

of error under state law. *Mills v. Lempke*, 11-CV-440, 2013 WL 435477, at *9 (W.D.N.Y. Feb. 4, 2013) (Telesca, J.) (noting *Sparber*, 889 N.E.2d 459, and its progeny were based on New York statutory law and not constitutional grounds). As such, it is not cognizable by this Court on *habeas* review.

Petitioner also cannot demonstrate a miscarriage of justice or otherwise convert this claim into a federal constitutional one under the Confrontation Clause of the Sixth Amendment or the Due Process Clause of the Fifth Amendment as Petitioner's "presence would have added nothing to the resentencing, which was essentially a non-event." *Id.* As in *Mills*, Petitioner received the same sentence that was originally imposed. *Id.* Further, Petitioner's resentencing was the result of his collateral appeal, and he was fully aware of its outcome before it occurred. Under these circumstances, Petitioner's "personal attendance at the resentencing was not constitutionally required." *Id.* (citing *United States v. Gagnon*, 470 U.S. 522, 527 (1985)). As Petitioner was not required to be present at resentencing, his claim for violation of his right to assistance of counsel at resentencing is moot.

Petitioner's petition for a writ of *habeas corpus* on the ground that his resentencing violates the Sixth Amendment is therefore DENIED. Petitioner's request for *habeas* relief on this basis is denied both as procedurally barred by an Adequate and Independent State Law Ground and on the merits as not cognizable on *habeas* review.

### CONCLUSION

For the reasons stated herein, the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

13

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2015
        Brooklyn, New York